**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

GLOBAL SOFTWARE SOLUTIONS, INC.,     Case No. 15-cv-109
an Illinois corporation,

       Plaintiff

v.

MOBILOGIC, INC., a Kansas corporation,

       Defendant.

---

## *COMPLAINT*

---

Plaintiff Global Software Solutions, Inc. ("GSS") by its undersigned attorneys, and for its Complaint against Defendant Mobilogic, Inc. ("Mobilogic" or "Defendant"), alleges as follows:

### INTRODUCTION

1. GSS is the owner of pcs2000Win Service Management System (the "S2K Software"), a leading software application that is used by mechanical contractors, electrical contractors, distribution and manufacturing companies among others, throughout the United States. Mobilogic is engaged in the unauthorized and unlawful distribution of S2K Software to third parties for profit. This blatant violation of GSS's copyrights and trade secrets comprises such patently unfair business practices as soliciting GSS's customers and offering to sell them Mobilogic's own software application, which contains GSS's code, modules, reports and passing it off as their own under the name FieldOPS, thereby sowing confusion in the marketplace and damaging GSS's substantial investments in, and continuously improving of the S2K Software.

2. In order to further gain an advantage in the marketplace, Mobilogic has been making disparaging and untruthful statements to GSS's current, former and future customers regarding GSS's S2K Software and other of its goods and services.

3. The S2K Software was originally developed and owned by Field Service Software, LLC. GSS purchased all of Field Service Software's assets, including all rights to the S2K Software and related intellectual property, and has been substantially improving the S2K Software and popularizing its use ever since. The founders of Mobilogic helped to develop certain aspects of the S2K Software as employees or under work for hire agreements. Fully aware that GSS had purchased the S2K Software, Mobilogic's founders hatched a plan to circumvent GSS by converting the S2K Software, including modules, source code and reports, as their own and are now advertising, marketing, installing, selling, distributing and licensing commercially software called FieldOPS, which contains GSS's copyrighted S2K Software.

4. Mobilogic has been doing so without any permission or acquiring a license from GSS.

5. GSS demanded that Mobilogic cease its improper distribution and sale of FieldOPS, but Mobilogic refused to comply, leaving GSS with no choice but to seek relief from this Court.

<u>NATURE OF THE ACTION</u>

6. This action seeks to enjoin Mobilogic from its unauthorized and unlawful use of GSS's copyrights and trade secrets. On information and belief, Mobilogic has and continues to solicit third parties and offering for sale the source code for the S2K

Software and the S2K Software itself, which constitutes the copyright-protected intellectual property and trade secrets of GSS.

7.     GSS seeks preliminary and permanent injunctive relief and damages under the laws of the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*  Plaintiff GSS brings this action because Defendant Mobilogic willfully infringed GSS's copyright on the S2K Software registered with the Copyright Office of the United States as "pcs2000Win Service Management System" by reproducing it and/or preparing derivative works based upon the S2K Software without GSS's permission.

## THE PARTIES

8.     GSS is an Illinois corporation, having a principal place of business in West Dundee, Illinois.  GSS is a full service provider of software solutions and support for business applications, including service, construction, distribution, manufacturing and accounting solutions and applications.  GSS is in the business of creating and developing software, and software applications and selling the license and rights of the software to computer users, including the S2K Software which it licenses, distributes and sells through Davisware, Inc.  Davisware shares a common ownership with GSS.

9.     Mobilogic is a Kansas corporation, having a principal place of business in Leawood, Kansas.  Upon information and belief, Mobilogic is a direct competitor of GSS's and is in the business of selling software and business applications to field service organizations in the construction, distribution, manufacturing and accounting industries.

**JURISDICTION AND VENUE**

10. This action arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*. GSS also brings related claims for violations of the Lanham Act and state law claims for misappropriation of trade secrets.

11. This Court has original subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and (b), and this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

12. This Court has specific personal jurisdiction over Mobilogic through its direct personal solicitations of Wisconsin companies, purposefully committed within Wisconsin the acts from which these claims arise. This Court also has general personal jurisdiction over Mobilogic as it conducts continuous, systematic, and routine business through the Internet and by personal solicitation within the state of Wisconsin and within the jurisdiction of this Court.

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and § 1400(a) because (1) a substantial part of the events or omissions giving rise to GSS's claim occurred in this district, and (2) Defendant transacts business in this district.

**ALLEGATIONS COMMON TO ALL COUNTS**

A. **The S2K Software and GSS's Acquisition of the Software**

14. The pcs2000Win Service Management System is a software application that was originally developed in the 1980s in a DOS version. Thereafter, a Microsoft Windows version was developed.

15.     Sometime in 1997, Field Service Software LLC purchased the S2K Software, including but not limited to the object code, source code, copyrights, trademarks and related intellectual property, from the company that originally developed both the DOS and Microsoft Windows versions of the S2K Software. In April 2000, Field Service Software registered or filed with the United States Copyright Office applications, registrations fees and deposits of the works being registered, including the S2K Software, bearing number TX 5-161-184.

16.     The effective date of the copyright registration of the S2K Software is the day it on which the application, deposit, and fee was received by the Copyright Office.  17 U.S.C. § 410(d).  Therefore, the effective date of the copyright for the S2K Software is April 21, 2000.

17.     In 2011, FSS sold the S2K Software in its entirety to GSS, including without limitation, all object code, source code, copyrights, and trademarks, including the S2000DOS and S2000WIN versions of the S2K Software and related intellectual property.  GSS, pursuant to its purchase of Field Service Software's assets, is now the exclusive owner of all right, title and interest in and to the copyright for the S2K Software and related intellectual property.

18.     GSS currently holds all rights in the copyright in the S2K Software that was duly and properly registered with the United States Copyright Office bearing the number TX 5-161-184.  (*See* a true and correct copy of the Certificate of Registration, TX 5-161-184, is attached hereto as Exhibit A and is incorporated by this reference.

19. As a copyright holder of the S2K Software, GSS has exclusive rights in the S2K Software, including the right to distribute and license the software.

**B.     Mobilogic's Improper Use and Licensing of the S2K Software**

20. After GSS purchased the S2K Software and in connection with the servicing of its customers, GSS learned that instead of using the S2K Software, a number of is customers were now using Mobilogic's FieldOPS software application.

21. Mobilogic has and is advertising, marketing, installing, selling, distributing and/or licensing commercially software called FieldOPS to these identified customers. Mobilogic's FieldOPS contains S2K's copyrighted reports, modules, code, and other code derived therefrom and/or is a derivative work of the S2K Software. Mobilogic is passing off GSS's S2K Software as its own in the marketplace and is and has been doing so without any permission from GSS.

22. On information and belief, Mobilogic's wrongful conduct includes the advertising, marketing, installing, selling, distributing and/or licensing of "infringing materials" to other clients and potential clients of GSS and other third-parties, similarly offering to disclose GSS's trade secrets and offering to license GSS's exclusive intellectual property. On information and belief, Mobilogic has disclosed GSS's trade secrets and has licensed GSS's intellectual property to third parties.

23. Upon GSS's discovery of Mobilogic's improper use and disclosure of GSS's intellectual property, demanded that Mobilogic cease its improper conduct.

24. On information and belief, Mobilogic is continuing to offer to third parties GSS's protected trade secrets and intellectual property. GSS further alleges that Mobilogic is, in fact, continuing to disclose GSS's trade secrets and to license its intellectual property, including selling, distributing and licensing the S2K Software and doing so as FieldOPS.

25. Mobilogic's past and continuing violations of GSS's intellectual property rights constitute substantial, irreparable harm to GSS.

**FIRST CLAIM FOR RELEIF**
**(Copyright Infringement 17 U.S.C. § 101 *et seq.*)**

26. Plaintiff realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 25 above as if set forth in full here.

27. In compliance with the Copyright Regulations, the S2K Software has been registered and filed with the Copyright Office all copyright applications, registration fees, and deposits of the works being registered. GSS is the owner of all right, title and interest to the registrations and copyright applications for the S2K Software.

28. The S2K Software is comprised of original works of authorship that are copyrightable subject matter under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq*. GSS and Field Service Software have complied in all respects with the laws governing copyright and have secured the exclusive rights and privileges in, to and under, the copyrights in the copyrighted S2K Software.

27. As the owner of the copyrights in the S2K Software, GSS enjoys the exclusive right to, among other things, reproduce, made derivative works of, display and distribute the S2K Software. 17 U.S.C. §§ 101, 106.

28. On information and belief, Mobilogic has been and is reproducing, distributing, displaying, and using the copyrighted S2K Software without authorization from GSS.

29. Mobilogic has infringed the copyrights in the S2K Software by, among other things, (1) making, and continuing to make, unlicensed copies, distributions, displays and/or reproductions of the S2K Software and (2) advertising, marketing, installing, selling, the S2K Software in the United Stated without approval or authorization from GSS.

30. At all times relevant hereto, Mobilogic has been aware or should have been aware of the existence of GSS's copyrights in the S2K Software and therefore, Mobilogic is a willful infringer of GSS's copyrights.

31. GSS is entitled to recover from Mobilogic the damages it has sustained as a result of these wrongful acts.

32. The infringement of GSS's copyrights by Mobilogic will cause imminent harm to GSS's reputation and goodwill unless restrained by this Court. Mobilogic's infringement will irreparably harm GSS's business and deprive it of a competitive advantage. GSS has no adequate remedy at law for Mobilogic's infringement.

33. GSS is also entitled to recover its attorneys' fees and costs of suit.

### SECOND CLAIM FOR RELIEF
**(Misappropriation of Trade Secrets)**

34. Plaintiff realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 25 above as if set forth in full herein.

35. GSS's S2K Software consists of information not generally known to the public, including but not limited to the source code, and certain reports. GSS has taken

reasonable measures to maintain the secrecy of the information in the S2K Software code. GSS has made a substantial investment in the S2K Software, which would be lost or substantially lessened by disclosure to the public. The S2K Software cannot easily be duplicated or altered without specific knowledge of, or access to, its source code. The pcS2000Win source code therefore constitutes and comprises "trade secrets" under applicable law, including WIS. STAT. § 134.90.

36.     Mobilogic willfully and maliciously misappropriated GSS's trade secrets by advertising, marketing, installing, selling, distributing and/or licensing, and thereby intentionally disclosing the S2K Software source code, without approval or authorization from GSS, to various third parties in the United States, including but not limited to third parties in Wisconsin.

37.     GSS is entitled to recover from Mobilogic the damages sustained as a result of the misappropriation alleged herein. The amount of damages cannot be determined at this time but will be proven at trial.

38.     GSS is informed and believes that Mobilogic's acts of misappropriation were both willful and malicious, meriting the imposition of punitive damages.

39.     On information and belief, Mobilogic is continuing and will continue to misappropriate GSS's trade secrets and by reason of that ongoing misappropriation, GSS will suffer sever and irreparable harm and damages and it will be without an adequate remedy at law. GSS is therefore entitled to an injunction restraining Mobilogic, its officers, agents, employees, assigns and all persons acting in concert with them and any person or entity acting in concert with them, from misappropriating GSS's trade secrets.

## THIRD CLAIM FOR RELEIF
### (Lanham Act § 43(a))

40. Plaintiff realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 25 above as if set forth in full here.

41. By its actions as set forth above, Defendant has violated and is violating Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. Defendant has publicly and falsely designated itself as being authorized to distribute the S2K Software and/or has falsely designated its association of, affiliation with, and use of certain components of the S2K Software in FieldOPS. That false designation has caused and is likely to continue to cause confusion or mistake, and it has deceived and is likely to deceive customers as to Defendant's association with and rights to the S2K Software.

43. In order to further gain an advantage in the marketplace, Mobilogic has been making disparaging and untruthful statements to GSS's current, former and future customers regarding GSS's S2K Software and other of its goods and services.

44. Defendant's public statements, including those statements on its website, have deceived or have the tendency to deceive a substantial segment of the audience for which they were intended. Defendant's statements were made in interstate commerce, and Defendant has caused its goods to enter interstate commerce.

45. The deception resulting from Defendant's statements is material because it is likely to influence the purchasing decisions of customers and in fact, has influenced the

decisions of GSS's former customers to purchase FieldOPS, which contains the S2K Software reports, source code and other related intellectual property.

46.     These wrongful acts have proximately caused and will continue to cause GSS substantial injury, including diversion of sales, loss of customers, dilution of its goodwill, confusion of potential customers, injury to its reputation, and diminution in value of its confidential information and other proprietary data.  These actions will cause imminent and irreparable harm and injury to GSS, the amount of which will be difficult to ascertain, if they continue.

47.     GSS is entitled to recover from Defendant the damages sustained as a result of this breach.  GSS is further entitled to recover the gains, profits, and advantages that Defendant obtained as a result of its breach.  The amount of such damages, gains, profits, and advantages cannot be determined at this time but will be proven at trial.

48.     GSS is further entitled to costs, to treble damages as a result of Defendant's bad faith and to reasonable attorneys' fees because this case is exceptional.

49.     GSS is entitled to an injunction restraining Defendant, its officers, agents, employees, assigns and all persons acting in concert with them from engaging in further such unfair, unlawful and fraudulent conduct.

#### PRAYER FOR RELIEF

Global Software Solutions, Inc. prays for judgment against Mobilogic, Inc. as follows:

A. For permanent injunctive relief, including an order restraining and enjoining Mobilogic from further infringement of GSS's copyright, misappropriation of GSS's trade secrets, and unfair competition, specifically:

    1. that Mobilogic, as well as any successor entities, its directors and officers, agents, servants, employees, assigns, and all other persons acting in active concert or privity or in participation with them, and each of them, be enjoined from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any version of the S2K Software, and any works derived or copied from any such version of the S2K Software, or to participate or assist in any such activity;

    2. that Mobilogic, as well as any successor entities, its directors and officers, agents, servants, employees, assigns, and all other persons acting in active concert or privity or in participation with them, and each of them, be enjoined from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any version of its FieldOPS Software, and any works derived or copied from any such version of the software, or to participate or assist in any such activity;

    3. that Mobilogic, as well as any successor entities, its directors and officers, agents, servants, employees, assigns, and all other persons acting in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing GSS's copyright in the S2K Software;

    4. that Mobilogic, as well as any successor entities, its directors and officers, agents, servants, employees, assigns, and all other persons acting in active concert or privity or in participation with them, be enjoined from disclosing GSS's trade secrets with relation to the S2K Software or any other of GSS's intellectual property;

    5. that Mobilogic, as well as any successor entities, its directors and officers, agents, servants, employees, assigns, and all other persons acting in active concert or privity or in participation with them, be enjoined to return to GSS any originals, copies, facsimiles, or duplicates of any version of the S2K Software, any works derived or copied from any such version of the

-13-

    S2K Software in their possession, custody, or control, including the derivative works contained in FieldOPS, that are shown by the evidence to infringe any of GSS's copyrights;

  6. that Mobilogic be enjoined to deliver upon oath, to be impounded during the pendency of this action, and for destruction pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any version of the S2K Software, , any works derived or copied from any such version of the S2K Software in their possession, custody, or control, including the derivative works contained in FieldOPS, that are shown by the evidence to infringe any of GSS's copyrights;

B. For compensatory damages against Mobilogic, including any consequential or statutory damages, in an amount to be determined at trial;

C. For exemplary and punitive damages;

D. For attorneys' fees and costs of suit incurred herein;

E. For the value of Mobilogic's unjust enrichment, including all gains, profits, or advantages attributable to defendants' wrongful acts alleged herein;

F. That the Court grant such other, further, and different relief as the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY**.

Dated: February 18, 2015

Respectfully submitted,

By_____/s/ Michael T. Hopkins_____
   Michael T. Hopkins
   Hopkins McCarthy LLC
   757 N. Broadway, Suite 201
   Milwaukee, Wisconsin 53203
   Email: mth@hmclaw.com
   Tel:   (866)735-0515
   Fax:   (866)735-0515

   Mitchell J. Edlund (pro hac vice pending)
   James G. Argionis (pro hac vice pending)
   MECKLER BULGER TILSON
     MARICK & PEARSON LLP
   123 N. Wacker Drive, Suite 1800
   Chicago, IL 60606
   Email: Mitch.Edlund@mbtlaw.com
   Email: Jim.Argionis@mbtlaw.com
   Tel:   (312) 474-7900
   Fax:   (312) 474-7898

Attorneys for Plaintiff, GLOBAL SOFTWARE SOLUTIONS, INC.

M:\16924\pleading\com001me.docx